```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DAMON SMITH                                      CIVIL ACTION

VERSUS                                           NUMBER: 08-4350

JUDGES OF LA. FIFTH CIRCUIT                      SECTION: "A"(5)
COURT OF APPEAL
```

### REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Damon Smith, has filed the above-captioned matter against defendants, the Judges of the Louisiana Fifth Circuit Court of Appeal. Plaintiff seeks damages in the amount of $5 million against the Judges of the Louisiana Fifth Circuit Court of Appeal as a result of the procedure they allegedly employed, during the period from 1994 to 2007, to review writ applications filed by pro se litigants such as plaintiff. According to plaintiff, no three-judge panel, or even a single judge, reviewed his writ application or other writ applications filed by pro se litigants. Instead, the "central staff director", Jerrold Peterson, reviewed the pro se writ applications, made determinations as to the appropriate

rulings, had his secretary type up appropriate orders, then a judge would sign the orders without ever having examined the writ applications.

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement.  When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982);  Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings.  Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987).  The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion.  Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989),

cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff herein is arguably challenging his present confinement in that he is alleging that his writ application to the Louisiana Fifth Circuit Court of Appeal was not properly reviewed. Such a habeas corpus issue cannot be addressed until plaintiff has exhausted available state court remedies with respect to such an allegation. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). As plaintiff makes no showing of having exhausted his available state court remedies, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The Court must now determine whether any viable §1983 claims are raised by plaintiff's complaint. The defendants, the Judges of the Louisiana Fifth Circuit Court of Appeal, are entitled to absolute judicial immunity here. Stump v. Sparkman, 435 U.S. 349, 355, 98 S.Ct. 1099 (1978); Beck v. Texas State Bd. Of Dental Examiners, 204 F.3d 629, 634 (5th Cir.), cert. denied, 531 U.S. 871, 121 S.Ct. 171 (2000). Further, unless and until plaintiff is able to have his confinement invalidated by an appropriate state or

federal tribunal, he has no §1983 cause of action for the improprieties of which he complains herein. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994). Accordingly;

**RECOMMENDATION**

It is hereby recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 18th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE